UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY MARIE-BOUCHER WADKINS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 16-cv-11312
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER REGARDING REPORT AND RECOMMENDATION [16], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

    Before the Court is Magistrate Judge Anthony P. Patti's Report and Recommendation. (R. 16.) At the conclusion of his July 11, 2017 Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 16, PID 563.) It is now July 31, 2017. As such, the time to file objections has expired. And no objections have been filed.

    The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a

procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that this Court GRANTS Plaintiff's motion for summary judgment (R. 11), DENIES Defendant's motion for summary judgment (R. 13), and REMANDS the case pursuant to 42 U.S.C. § 405(g) to the Commissioner of Social Security for further proceedings consistent with the Magistrate Judge's Report and Recommendation. Upon remand, the ALJ should re-evaluate the Step 3 findings—with special emphasis on Listing 11.09—as well as the Step 4 RFC and Step 5 findings, as necessary, and to assure their consistency. As this order resolves this litigation, a separate judgment will issue.

SO ORDERED.

Dated: July 31, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2017.

s/Keisha Jackson
Case Manager